IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| KID STUFF MARKETING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| CREATIVE CONSUMER CONCEPTS, INC., ) | |
|   Serve Resident Agent: ) | |
|   Creative Consumer Concepts, Inc. ) | DEMAND FOR JURY TRIAL |
|   10955 Granada ) | |
|   Overland Park, KS 66221 ) | |
| ) | |
| and ) | |
| ) | |
| STEAK N SHAKE OPERATIONS, INC., ) | |
|   Serve Registered Agent: ) | |
|   Corporation Service Company ) | |
|   2900 SW Wanamaker Drive ) | |
|   Suite 204 ) | |
|   Topeka, KS 66614 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Kid Stuff Marketing, Inc. (KSM), through its undersigned attorney of record, files this Complaint against Defendants Creative Consumer Concepts, Inc. (C3) and Steak N Shake Operations, Inc. (SNS), and states and alleges as follows:

### INTRODUCTION

1. This is a lawsuit for patent infringement and copyright infringement.

2. This lawsuit stems from the flagrant theft of valuable intellectual property belonging to KSM.

3. This intellectual property consists of the designs and specifications for paperboard cars that SNS offers at each of its over 400 restaurant locations throughout the United States.

4. These cars are offered as part of SNS's kids plates and also sold separately for $0.79 each.

5. From November 2008 until November 2014, these cars were supplied by KSM.

6. In or around January 2015, SNS switched to a new supplier, C3.

7. In flagrant disregard for KSM's intellectual property rights, C3 copied the designs and specifications of KSM's cars to produce derivative cars for SNS.

8. In flagrant disregard for KSM's intellectual property rights, SNS began offering these derivative cars at each of its restaurant locations.

9. SNS and C3 have willfully infringed on KSM's patent and copyrights.

10. Accordingly, at a minimum, KSM seeks its lost profits, the profits that SNS and C3 earned on infringing sales, treble damages as allowed by statute, and its reasonable costs and attorney's fees.

**PARTIES**

11. Plaintiff KSM is a Kansas corporation in good standing with a principal place of business at 1401 NW Moundview Drive, Suite C, Topeka, KS 66618.

12. Defendant C3 is a Kansas corporation in good standing with a principal place of business at 10955 Granada, Overland Park, KS 66221.

13. Defendant SNS is an Indiana corporation in good standing with a principal place of business at 36 S. Pennsylvania, Suite 500, Indianapolis, IN 46204.

**JURISDICTION AND VENUE**

14. This is a patent and copyright infringement action brought under the laws of the United States, in particular, 35 U.S.C. § 1, *et seq.* and 17 U.S.C. § 501, *et seq.*

15. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

16. This Court has personal jurisdiction over C3 because it is incorporated and has a principal place of business in this State and this District.  This Court has jurisdiction over SNS because it has purposefully availed itself of the privilege of conducting business within this State and this District by operating restaurant locations within this State and this District.

17. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims asserted herein occurred in this District, and Defendants have committed acts of infringement in this District.

## FACTUAL BACKGROUND

18. Beginning in November 2008, KSM began supplying paperboard cars to SNS that SNS included with its kids plates and sold separately for small charge.  These cars were constructed of paperboard and came in flat sheets that required minimal assembly.

19. Initially, these cars were designed to replicate actual automobiles manufactured by entities such as Ford Motor Company and General Motors Company.  This required KSM to pay a license fee, and KSM passed the cost of this fee on to SNS.

20. SNS demanded that the cost of the cars be reduced.  To accommodate this demand, KSM created original car designs that did not replicate actual vehicles, and therefore did not require the payment of any license fee. KSM also reduced the size of the car, which lessened material costs.

21. KSM's original designs proved popular.  Each quarter, SNS placed a new order with KSM for a new design.  These orders varied in size, but typically called for the production of one to one and a half million pieces.

22. Among KSM's original designs are 9015 Concept Car 1 – SHAKER, 9015 Concept Car 2 – GOLDIE, and 9015 Concept Car 3 – SIZZLE (the 9015 designs). The 9015 designs were used to produce the "Future Car" series of cars for SNS.  They are protected by copyright as 2-D

artwork under Registration No. VA 1-924-909.  A copy of this Registration with deposit materials is attached hereto as Exhibit A.

23.     Each of the 9015 designs includes illustrations showing how the cars are to be assembled.  These illustrations are protected by copyright as 2-D artwork under Registration No. VA 1-942-813.  A copy of this Registration with deposit materials is attached hereto as Exhibit B.

24.     KSM's original car designs, including the 9015 designs, were accompanied by paperboard cartoon characters intended to create affinity for the product.  These characters, which predate the relationship between KSM and SNS, were named Shaker, Goldie and Sizzle.  The character Shaker is protected by copyright as 2-D artwork under Registration No. VA 1-917-720.  A copy of this Registration with deposit materials is attached hereto as Exhibit C.  The character Sizzle is protected by copyright as 2-D artwork under Registration No. VA 1-926-570.  A copy of this Registration with deposit materials is attached hereto as Exhibit D.

25.     In addition to being protected by copyright, KSM's original car designs—including the 9015 designs—also were protected by U.S. Patent No. 5,454,508 (the '508 Patent).  SNS knew KSM's original car designs were patented.  However, SNS also knew the '508 Patent was set to expire in March 2014.

26.     In April 2014, after the '508 Patent expired, SNS contacted KSM by phone to discuss plans for the coming year.  During the call, SNS indicated it had received a bid from a competing vendor to supply paperboard cars for SNS's restaurants.  SNS referenced the '508 Patent and the fact that it had expired in March.  KSM told SNS clearly and explicitly that it had applied for a new patent, that it had received a notice of allowance for the new patent, and that the new patent would cover KSM's original car specifications and designs.

27.     U.S. Patent No. 8,783,548 (the '548 Patent) was issued on July 22, 2014.  A true and correct copy of the '548 Patent is attached hereto as Exhibit E.

28.     The '548 Patent covers the 9015 designs.

29.     KSM owns all right, title and interest to the '548 Patent and each of the copyrights referenced herein, including the right to sue for past, present and future infringements.

30.     For 2015, SNS elected to use a different supplier to supply the paperboard cars that it offers at each of its restaurant locations. The supplier SNS chose was C3.

31.     SNS chose C3 over KSM because C3 underbid KSM.

32.     C3 is a direct competitor of KSM.

33.     Like KSM, C3 is based in Kansas.

34.     C3 is aware of KSM's products.

35.     C3 has, at various times in the past, attempted to buy the Kid Stuff business.

36.     C3 knew or should have known that KSM's original car designs enjoyed both patent and copyright protection.

37.     In disregard of KSM's patent and copyrights, C3 copied the 9015 designs to produce paperboard cars known as the "Land Spy Cruiser," the "Sea Spy Sub Car" and the "Space Spy Rocket Car" for SNS. On information and belief, SNS began offering these cars at each of its restaurant locations in January 2015. These cars are blatant rip-offs of the "Future Cars" series of cars that were offered at SNS's restaurants the previous year.

38.     The "Land Spy Cruiser," the "Sea Spy Sub Car" and the "Space Spy Rocket Car" are each manufactured in China rather than the United States, where KSM's cars are manufactured. On information and belief, this allows C3 to save on the cost of manufacturing, which in turn, allows C3 to supply the cars at a lower cost than KSM. However, it also means that KSM's patented and copyrighted designs are subject to unauthorized duplication in China, where the intellectual property laws are relatively lax.

39. The actions of SNS and C3 have significantly impacted KSM's business. Since SNS and C3 stole KSM's intellectual property, KSM was forced to lay off numerous employees and reduce the scope of its operations.

## COUNT I: PATENT INFRINGEMENT AGAINST BOTH DEFENDANTS

40. KSM incorporates by reference the foregoing allegations as if fully set forth herein.

41. Defendants have committed and/or are continuing to commit direct acts of infringement of the '548 Patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing paperboard cars that infringe the '548 Patent, without license or authority from KSM, including products that Defendants have made, used, sold, offered to sell, and imported under the names "Land Spy Cruiser," "Sea Spy Sub Car" and "Space Spy Rocket Car."

42. The '548 Patent discloses and claims, among other things, a carton for food or other items presenting a sports car configuration having a body extending from front to rear.

43. KSM has been damaged as a direct result of the infringement of the '548 Patent. KSM will continue to be damaged unless further infringement is enjoined.

44. KSM is entitled under 35 U.S.C. § 284 to an award of damages adequate to compensate KSM for Defendants' infringement of the '548 Patent. KSM is entitled to its lost profits, and in no event, less than a reasonable royalty for the infringement and use made of the invention of the '548 Patent by Defendants, all together with interest and costs.

45. Defendants continued to infringe the '548 Patent after being put on notice by KSM.

46. Defendants' past and continuing infringement of the '548 Patent has been and continues to be deliberate and willful.

47. Defendants' conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

48. Moreover, this is an exceptional case that entitles KSM to an award of reasonable attorney fees under 35 U.S.C. § 285.

## COUNT II:  CONTRIBUTORY PATENT INFRINGEMENT AGAINST SNS

49. KSM incorporates by reference the foregoing allegations as if fully set forth herein.

50. SNS has distributed the "Land Spy Cruiser," "Sea Spy Sub Car" and "Space Spy Rocket Car" to franchise locations.

51. These franchise locations offer these cars to customers in the same manner as SNS's company-owed restaurants.

52. By offering these cars to customers, these franchisees infringe the '548 Patent.

53. By providing these cars to these franchise locations, SNS induces these franchisees to infringe the '548 Patent, and is liable for contributory infringement of the '548 Patent.

54. SNS also induced C3 to infringe the '548 Patent by contracting with C3 to supply the "Land Spy Cruiser," "Sea Spy Sub Car" and "Space Spy Rocket Car" to SNS, and is liable for contributory infringement of the '548 Patent.

55. SNS's activities have been without express or implied license from KSM.

56. SNS's actions in infringing the '548 patent have been, and continue to be, willful, deliberate, and/or in conscious disregard of the rights of KSM, making this an exceptional case within the meaning of 35 U.S.C. § 285.

57. As a result of the infringement of the '548 Patent, KSM has been damaged, will be further damaged, and it entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

58. SNS's past and continuing infringement of the '548 Patent has been and continues to be deliberate and willful.

59. SNS's conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

60. Moreover, this is an exceptional case that entitles KSM to an award of reasonable attorney fees under 35 U.S.C. § 285.

### COUNT III: COPYRIGHT INFRINGEMENT AGAINST BOTH DEFENDANTS

61. KSM incorporates the foregoing allegations by reference as if fully incorporated herein.

62. KSM is the sole owner of all right, title and interest in and to the 9015 designs and illustrations.

63. Defendants are not authorized to reproduce, advertise, distribute, sell, exhibit or otherwise use the 9015 designs and illustrations.

64. Defendants have copied and prepared derivative works based on the 9015 designs and illustrations, and have used the 9015 designs and illustrations in the sale and of their products.

65. Defendants have sold, offered for sale and/or distributed copies of derivative works based upon the 9015 designs and illustrations.

66. Defendants' conduct has infringed on KSM's rights in the 9015 designs and illustrations.

67. Defendants' past and continuing infringement has been and continues to be deliberate and willful.

68. By reason of Defendants' infringement, KSM has sustained and will continue to sustain substantial damages.

69. KSM is entitled to recover the damages it sustained as a result of Defendants' conduct as alleged herein pursuant to 17 U.S.C. § 504(a) & (b)

70. KSM is further entitled to recover the profits Defendants earned as a result of Defendants' conduct as alleged herein pursuant to 17 U.S.C. § 504(a) & (b).

71. KSM is alternatively entitled to recover from Defendants statutory damages in an amount up to $150,000 per design and illustration that has been infringed, pursuant to 17 U.S.C. § 504(c).

### COUNT IV:  CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST SNS

72. KSM incorporates by reference the foregoing allegations as if fully set forth herein.

73. SNS has distributed the "Land Spy Cruiser," "Sea Spy Sub Car" and "Space Spy Rocket Car" to franchise locations.

74. These franchise locations offer these cars to customers in the same manner as SNS's company-owned restaurants.

75. By offering these cars to customers, these franchisees infringe the 9015 designs and illustrations.

76. By providing these cars to these franchise locations, SNS induces these franchisees to infringe the 9015 designs and illustrations, and is liable for contributory infringement of the 9015 designs and illustrations.

77. SNS also induced C3 to infringe the 9015 designs and illustrations by contracting with C3 to supply the "Land Spy Cruiser," "Sea Spy Sub Car" and "Space Spy Rocket Car" to SNS, and is liable for contributory infringement of the 9015 designs and illustrations.

78. SNS's activities have been without express or implied license from KSM.

79. As a result of the infringement of the 9015 designs and illustrations, KSM has been damaged, will be further damaged, and it entitled to be compensated for such damages pursuant to 17 U.S.C. § 504 in an amount to be determined at trial.

80. SNS's past and continuing infringement of the 9015 designs and illustrations has been and continues to be deliberate and willful.

81. SNS's conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

82. Moreover, this is an exceptional case that entitles KSM to an award of reasonable attorney fees under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

KSM demands trial by jury on all issues so triable. KSM designates Kansas City as the place of trial.

## PRAYER FOR RELIEF

WHEREFORE, KSM respectfully prays that this Honorable Court enter relief as follows:

A. A judgment that SNS has infringed the '548 Patent;

B. A judgment that C3 has infringed the '548 Patent;

C. A judgment that SNS has induced others to infringe the '548 Patent;

D. A judgment that SNS has infringed the copyrights encompassed by Registration No. VA 1-924-909;

E. A judgment that C3 has infringed the copyrights encompassed by Registration No. VA 1-924-909;

F. A judgment that SNS has infringed the copyrights encompassed by Registration No. VA 1-942-813;

G. A judgment that C3 has infringed the copyrights encompassed by Registration No. VA 1-942-813;

H. A judgment that SNS has induced others to infringe the copyrights encompassed by Registration No. VA 1-924-909;

I. A judgment that SNS has induced others to infringe the copyrights encompassed by Registration No. VA 1-942-813;

J. A judgment that C3 has infringed on the copyrights encompassed by Registration No. VA 1-917-720;

K.   A judgment that SNS has infringed on the copyrights encompassed by Registration No. VA 1-917-720;

L.   A judgment that SNS has induced others to infringe the copyrights encompassed by Registration No. VA 1-917-720;

M.   A judgment that C3 has infringed on the copyrights encompassed by Registration No. VA 1-926-570;

N.   A judgment that SNS has infringed on the copyrights encompassed by Registration No. VA 1-926-570;

O.   A judgment that SNS has induced others to infringe the copyrights encompassed by Registration No. VA 1-926-570;

P.   A judgment and order requiring Defendants to pay damages to KSM adequate to compensate them for Defendants' wrongful infringing acts in accordance with 35 U.S.C. § 284;

Q.   A judgment and order requiring Defendants to pay increased damages up to three times, in view of their willful and deliberate infringement of the '228 Patent;

R.   A finding in favor of KSM that this is an exceptional case under 35 U.S.C. § 285 and an award of KSM his costs, including reasonable attorney's fees and other expenses incurred in connection with this action;

S.   A judgment and order requiring Defendants to pay KSM pre-judgment interest under 35 U.S.C. § 284 and post-judgment interest under 28 U.S.C. § 1961 on all damages awarded;

T.   A judgment and order requiring Defendants to pay damages to KSM adequate to compensate them for Defendants' wrongful infringing acts in accordance with 17 U.S.C. § 504(a) & (b);

U.   Alternatively, a judgment requiring Defendants to pay statutory damages in an amount up to $150,000 per design and illustration that has been infringed, pursuant to 17 U.S.C. § 504(c);

-12-

  V.  A judgment and order requiring Defendants to pay KSM's reasonable costs and attorney's fees as provided by 17 U.S.C. § 505; and

  W.  Such other and further relief as the Court deems just and appropriate.

                Respectfully submitted,

                */s/ David L. Marcus*
                David L. Marcus,  KS Bar No. 18034
                BARTLE & MARCUS LLC
                233 W. 47th Street
                Kansas City, Missouri  64112
                Telephone:  816- 285-3888
                Facsimile:  816- 222-0534
                Email:  dmarcus@bmlawkc.com

                Attorneys for Plaintiff Kid Stuff Marketing, Inc.