IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KID STUFF MARKETING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-2620-JWL |
| | ) | |
| CREATIVE CONSUMER CONCEPTS, INC. | ) | |
| and STEAK N SHAKE OPERATIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants' motion to dismiss certain claims (Doc. # 10).  For the reasons set forth below, the motion is **granted in part and denied in part**.  The motion is granted with respect to plaintiff's claim for contributory copyright infringement (Count IV), although plaintiff is granted leave to amend its complaint to cure its defective pleading of that claim by **June 12, 2015**.  The motion is otherwise denied.

## I.      Governing Standard

The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is

dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The complaint need not

contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of

entitlement to relief requires more than labels and conclusions; a formulaic recitation of

the elements of a cause of action will not do.  *See Bell Atlantic*, 550 U.S. at 555.  The

Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see*

*id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal*

*v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  Viewed as such, the "[f]actual

allegations must be enough to raise a right to relief above the speculative level."  *Bell*

*Atlantic*, 550 U.S. at 555.  The issue in resolving a motion such as this is "not whether

[the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer

evidence to support the claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)

(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).


## II.  <u>Analysis</u>

By its complaint, plaintiff Kid Stuff Marketing, Inc. asserts claims against

defendants Creative Consumer Concepts, Inc. ("C3") and Steak N Shake Operations,

Inc. ("SNS") for patent infringement (Count I, against both defendants), induced patent

infringement (Count II, against SNS), copyright infringement (Count III, against both

defendants), and contributory copyright infringement (Count IV, against SNS).

According to the complaint, plaintiff supplied paperboard cars that SNS used in its

restaurants in connection with its children's meals, which designs were protected by

2

registered copyrights and a patent; SNS switched to C3, a competitor of plaintiff, for the supply of the cars; and C3 produced cars in violation of plaintiff's copyrights and patent. By the present motion, defendants seek dismissal of plaintiff's claim of willful patent infringement as alleged in Counts I and II of the complaint, as well as dismissal of Counts II, III, and IV in their entirety.

> A.   *Counts I and II – Willful Patent Infringement*

In Counts I and II, plaintiff not only asserts claims for patent infringement, but it also alleges that such infringement was willful.  Defendants argue that plaintiff has not stated a claim for willful infringement because it has failed to allege facts to support a plausible claim that defendants had knowledge of plaintiff's patent. *See, e.g.*, *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) ("a party cannot be found to have 'willfully' infringed a patent of which the party had no knowledge").

The Court rejects this argument.  Plaintiff has alleged as follows: plaintiff's designs were protected by U.S. Patent No. 5,454,508 (the '508 Patent), which expired in March 2014; in April 2014, SNS contacted plaintiff by telephone, referenced the expiration of the '508 Patent, and mentioned that it had received a bid from a competing vendor; that plaintiff told SNS "that it had applied for a new patent, that it had received a notice of allowance for the new patent, and that the new patent would cover [plaintiff's] original car specifications and designs;" U.S. Patent No. 8,783,548 (the '548 Patent) was issued on July 22, 2014, and covers the designs for plaintiff's paperboard

3

cars; SNS replaced plaintiff with C3 as its supplier of the paperboard cars; and SNS and C3 infringed the '548 Patent. Thus, plaintiff has alleged that SNS specifically referenced the expiration of the original patent and that it told SNS that a new patent would also cover the designs. The Court concludes that these alleged facts are sufficient to support a plausible inference that SNS had knowledge of the '548 Patent.

Defendants rely on the district court's opinion in *Vasudevan Software, Inc. v. TIBCO Software Inc.*, 2012 WL 1831543 (N.D. Cal. May 18, 2012). In that case, the court relied on and quoted the following language from a Federal Circuit case:

> To willfully infringe a *patent*, the patent must exist and one must have knowledge of it. A "patent pending" notice gives one no knowledge whatsoever. It is not even a guarantee that an application has been filed. Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable.

*See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985), *quoted in part in Vasudevan*, 2012 WL 1831543, at *2. In this case, however, SNS was not merely told that a patent application had been filed; rather, plaintiff has alleged that it told SNS that it had already received a notice of allowance for a new patent that would, like the expired patent, cover the design of the cars supplied to SNS by plaintiff. Indeed, in *Vasudevan*, the court made this same distinction, noting that it might present a different case if the defendant had notice of the claims that were to be allowed, instead of merely having knowledge that an application had been filed. *See Vasudevan*, 2012 WL 1831543, at *3. Thus, *Vasudevan* does not support dismissal in this case.

4

The Court also concludes that plaintiff's allegations are sufficient with respect to C3's knowledge. Not only has plaintiff plausibly alleged that SNS had knowledge of the patent and transferred the business to C3, which subsequently produced infringing cars; plaintiff has also alleged that C3 was its direct competitor, had attempted to buy plaintiff's business in the past, and was aware of plaintiff's products. Thus, plaintiff has alleged facts to support a plausible inference that C3 had the requisite knowledge to support a claim of willful infringement, and plaintiff should be permitted to seek additional evidence of C3's knowledge in discovery. The Court therefore denies defendants' motion to dismiss plaintiff's claims of willful infringement.

B.   *Count II – Induced Patent Infringement*

In Count II, plaintiff asserts a claim against SNS for induced infringement pursuant to 35 U.S.C. § 271(b).[1] Plaintiff alleges specifically that SNS induced both C3 and its franchisees to infringe plaintiff's patent. Defendants first argue that plaintiff has failed to allege sufficient facts with respect to SNS's knowledge of the patent. *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (a plaintiff alleging induced infringement must show that the defendant knew of the patent); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068-69 (2011) (doctrine of willful blindness applies to claims for induced patent infringement under Section 271(b)). The

---

[1]Count II of plaintiff's complaint is titled "contributory patent infringement," but plaintiff has alleged in that count that SNS induced infringement by others, and plaintiff has confirmed in its opposition brief that it is asserting a claim for induced infringement.

Court rejects this argument for the same reasons cited above with respect to plaintiff's willful infringement claims.

Defendants also argue that plaintiff has failed to allege sufficient facts showing specific acts by SNS with the intent to induce infringement. *See DSU*, 471 F.3d at 1305 (plaintiff must show specific intent and action to induce infringement). The Court rejects this argument as well. Plaintiff has alleged that SNS, with knowledge of the patent, retained C3, who then supplied SNS with products that copied plaintiff's products and infringed the patent. Those allegations create a plausible inference that SNS acted with sufficient intent to induce infringement by C3. Plaintiff has also alleged that SNS provided the infringing paperboard cars to its franchisees, and it is reasonable to infer that SNS intended that its franchisees would use and distribute the cars. Thus, plaintiff has also pleaded sufficient facts to support a plausible claim that SNS performed specific acts with the requisite intent to induce infringement by its franchisees. Accordingly, the Court denies defendants' motion to dismiss Count II of the complaint.

C.     *Count III – Direct Copyright Infringement*

In Count III of its complaint, plaintiff asserts claims against SNS and C3 for direct copyright infringement. In ruling on defendants' motion to dismiss this claim, the Court first rejects defendants' argument that plaintiff has not sufficiently identified the specific copyrights infringed and the specific acts of infringement. Plaintiff has referenced and attached to the complaint four specific copyright registrations—one for the designs for the series of cars plaintiff produced for SNS, one for assembly illustrations, and two for

6

specific cartoon characters used with the cars—and the complaint is reasonably read to include claims for infringement of each of those copyrights.  Moreover, plaintiff has alleged that defendants copied plaintiff's designs and illustrations for the identified series of cars.

The cases cited by defendants are easily distinguished.  In *Brought to Life Music, Inc. v. MCA Records, Inc.*, 2003 WL 296561 (S.D.N.Y. Feb. 11, 2003), the plaintiff had not alleged that the defendant reproduced or distributed or performed the plaintiff's work or any derivative works, and thus the plaintiff had not attempted to describe the acts by which the defendant had infringed the copyright.  *See id.* at *1.  In *Salt Optics, Inc. v. Jand, Inc.*, 2010 WL 4961702 (C.D. Cal. Nov. 19, 2010), the plaintiff had broadly alleged that the defendant's website and catalogs infringed certain copyrights without identifying the particular portions of the website and catalogs at issue.  *See id.* at *6.  In this case, plaintiff has alleged that discrete products—a series of paperboard cars—infringe specific copyrights covering designs and illustrations.  Those facts provide sufficient notice to defendants of plaintiff's claims.

Defendants also seek dismissal of this count based on the general rule that a copyright for a technical drawing does not preclude others from manufacturing the article itself.  *See Forest River, Inc. v. Heartland Recreational Vehicles, LLC*, 753 F. Supp. 2d 753, 759-60 (N.D. Ind. 2010) (applying that rule) (cited by defendants here).  That rule, derived from 17 U.S.C. § 113(b), is known as the "useful article exception."  *See id.* at 758-59.  Section 113(b) limits copyright protection with respect to the making

of a "useful article" that is portrayed in a copyrighted work. *See* 17 U.S.C. § 113(b). A "useful article" is an article having "an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." *See* 17 U.S.C. § 101.

As plaintiff points out, however, toys are not generally considered "useful articles" for purposes of this exception, and they are therefore copyrightable. *See Gay Toys, Inc. v. Buddy L Corp.*, 703 F.2d 970, 973-74 (6th Cir. 1983). Thus, as noted by the Sixth Circuit, a toy airplane, as a mere portrayal of a real airplane, has no intrinsic utilitarian function and thus is not a "useful article" under Section 113(b). By this same reasoning, plaintiff's paperboard car—which was intended merely to portray a real car—would not be a "useful article" and thus would be copyrightable. Defendants have rather conspicuously refused to address this rejoinder by plaintiff in their reply brief. Thus, defendants have not established that plaintiff's claim should be dismissed pursuant to Section 113(b), and defendants motion to dismiss this claim is therefore denied.

### D.    *Count IV – Contributory Copyright Infringement*

In Count IV of the complaint, plaintiff asserts a claim against SNS for contributory copyright infringement, based on allegations that SNS induced infringement of plaintiff's copyrights by its franchisees and by C3. In seeking dismissal of this claim, defendants again argue that plaintiff's allegations concerning SNS's knowledge and SNS's specific acts of inducement are insufficient. For the same reasons set forth above with respect to plaintiff's claim for induced patent infringement, the Court concludes that plaintiff's allegations concerning SNS's specific acts and intent are sufficient to support

a plausible claim of contributory copyright infringement.

The Court does agree with defendants, however, that plaintiff has not alleged any facts showing that SNS had knowledge of plaintiff's copyrights. Plaintiff states in response to this argument that its products supplied to SNS included a copyright symbol and that it could easily amend its complaint to include such an allegation. Accordingly, the Court grants defendants' motion with respect to Count IV, but it also grants plaintiff leave to amend its complaint, by **June 12, 2015**, to include such an allegation. If plaintiff fails to amend its complaint to cure that deficiency, the Court will dismiss Count IV.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss certain claims (Doc. # 10) is hereby **granted in part and denied in part**. The motion is granted with respect to plaintiff's claim for contributory copyright infringement (Count IV), although plaintiff is granted leave to amend its complaint to cure its defective pleading of that claim by **June 12, 2015**. The motion is otherwise denied.

IT IS SO ORDERED.

Dated this 2nd day of June, 2015, in Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge

9