IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KID STUFF MARKETING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 15-cv-2620-TJJ |
| CREATIVE CONSUMER CONCEPTS, INC., | ) | |
| and STEAK N SHAKE OPERATIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER OVERRULING OBJECTIONS
## TO NUNC PRO TUNC PRETRIAL ORDER

This matter is before the Court on the parties' cross objections (ECF Nos. 136 and 137) to the

Nunc Pro Tunc Pretrial Order of December 14, 2016 (ECF No. 134) (the "Pretrial Order").[1] On

February 22, 2017, while the objections were pending, all parties consented to the exercise of

jurisdiction by the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P.

73, to conduct all proceedings in this case including the jury trial in Kansas City, the entry of final

judgment, and all post-trial proceedings.[2] Pursuant to the parties' consent, the undersigned

Magistrate Judge addresses the parties' Fed. R. Civ. P. 72(a) objections to the Pretrial Order.[3]

Plaintiff objects to the exclusion of its claims that Defendants' Ketchup car, Pickle car, and

Mustard car (the "Condiment Car Series") infringe Plaintiff's copyrights in its "Future Car"

assembly instructions and die lines.  Plaintiff specifically objects to footnotes 6–7, 11–12, and 16–17

---

[1] Magistrate Judge Gale, who sits in Wichita, was the magistrate judge initially assigned to conduct pretrial proceedings in this case and who entered the Nunc Pro Tunc Pretrial Order.

[2] *See* Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, ECF No. 148.

[3] *See* 28 U.S.C. § 636(c)(1) ("Upon the consent of the parties, a . . . magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment.").

of the Pretrial Order, in which Judge Gale sustained Defendants' objections to Plaintiff's assertion of direct infringement claims concerning the Condiment Car Series and "at a minimum" qualifiers, finding these claims were beyond what Plaintiff asserted in the First Amended Complaint.

Defendants object to the inclusion of Plaintiff's claims identifying paperboard cars that Defendants argue were not identified in Plaintiff's First Amended Complaint, i.e., any paperboard car series other than the Land Spy Cruiser, the Sea Spy Sub Car, and the Space Spy Rocket Car (the "Spy Car Series").  Specifically, they object to the inclusion of the following paperboard cars as infringing products: the Mustard car, the Pickle car, the Birthday Cake Shake car, the Chocolate Fudge Brownie Shake car, the Chocolate Covered Strawberry car, the Sizzle 4x4, the Shaker 4x4, the Goldie 4x4, the Indy car, and "other consumer-facing materials" featuring the copyrighted Sizzle, Shaker, or Goldie cartoon characters. [4]

Federal Rule of Civil Procedure 72(a) provides that timely objections to a magistrate judge's order on a non-dispositive pretrial matter are reviewed under a "clearly erroneous or contrary to law" standard.[5] The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[6] A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[7]

---

[4] Defendants object to the inclusion of these paperboard cars in Section 4.a., Subsections 1–3, 6–8, and 11–13, of the Pretrial Order.

[5] Fed. R. Civ. P. 72(a); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988).

[6] *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[7] *Dinkins v. Apria Healthcare Grp., Inc.*, No. 12-2112-JAR-JPO, 2013 WL 593661, at *2 (D. Kan. Feb. 15, 2013).

In contrast, timely objections to a magistrate judge's disposition of a "pretrial matter dispositive of a claim or defense" are reviewed under the less deferential de novo standard.[8] Under de novo review, no special weight is given to the magistrate judge's determination and the reviewing judge independently determines the issues.[9] In conducting its review, the reviewing court may "accept, reject, or modify" the recommended disposition.[10]

Judge Gale's decision—that both allowed and excluded certain alleged copyright infringement claims from the Pretrial Order—implicates both review standards; it is non-dispositive as to the former, and dispositive as to the latter. Case law from this District suggests that objections to a magistrate judge's rulings with respect to what the parties can include in the pretrial order are reviewed under the more deferential standard.[11] However, other cases—typically when the magistrate judge denies a motion seeking to add claims on futility grounds—have focused on the claim-dispositive nature of the magistrate judge's order in applying a de novo review.[12]

---

[8] *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition [of a pretrial matter dispositive of a claim or defense] that has been properly objected to."); 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

[9] *Navegante Grp., Inc. v. Butler Nat. Serv. Corp.*, No. 09-2466-JWL, 2011 WL 1769088, at *3 (D. Kan. May 9, 2011) (citing *Ocelot Oil*, 847 F.2d at 1464).

[10] Fed. R. Civ. P. 72(b)(3).

[11] *See White v. Union Pac. R. Co.,* No. 09-1407, 2013 WL 6728383, at *1 (D. Kan. Dec. 19, 2013) (reviewing the magistrate judge's inclusion of more specific liability allegations in the pretrial order under a clearly erroneous or contrary to law standard); *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1349 (D. Kan. 2007) (reviewing objections to magistrate judge's deletion of affirmative defenses in pretrial order under a clearly erroneous or contrary to law standard); *Beam v. Concord Hosp.*, Inc., No. 93-4188-SAC, 1996 WL 455020, at *4 (D. Kan. July 8, 1996) (reviewing objections to magistrate judge's rulings with respect to what claims should be included in the pretrial order under a clearly erroneous or contrary to law standard).

[12] *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1229 (D. Kan. 2002) ("Because that part of the order here denying leave to amend has the identical effect as an order dismissing potential claims and parties from the suit, the court shall make a de novo determination upon the record."); *Five Rivers Ranch Cattle Feeding LLC v. KLA Envtl. Servs., Inc.*, No. 08-2185-EFM, 2009 WL 6621481, at *3 (D. Kan. Nov. 24, 2009) ("Because the court's decision to deny leave to amend has the identical effect of an order dismissing a

The Court here need not make a determination regarding which standard of review is applicable. Regardless of the review standard applied, there was no error in Judge Gale's decision to include some and exclude other claims regarding paperboard cars from the Pretrial Order.

Judge Gale described the parties' objections and his decision with respect to those objections in the preliminary matters section of the Pretrial Order:

> The Defendants object that some claims asserted by Plaintiff in this Pretrial Order are beyond those alleged in the First Amended Complaint (Doc. 18), and beyond those represented by the Plaintiff during the previous motion to dismiss and in discovery. Defendants object that Plaintiff's claims attempt to improperly include, without leave of Court, an additional copyright (Goldie) that is not asserted in Plaintiff's Amended Complaint, and object that claim was not what KSM represented to this Court was asserted in this case in its Response in Opposition to Defendants' Motion to Dismiss. (Doc. 15, at 11.) Defendants object that Plaintiff did not seek permission to add the Goldie character copyright claim to the case when it sought leave to amend its complaint. (Doc. 47.) Defendants also object that Plaintiff further adds additional accused products, also not identified in Plaintiff's Amended Complaint and for which Plaintiff has never sought amendment to add to this case. Plaintiff's Complaint accuses C3's Spy Series cars—the Land Spy Cruiser, the Sea Spy Sub Car, and the Space Spy Rocket Car—as the infringing products. (Doc. 18, at ¶ 37.) It is Defendants' position that Plaintiff's claims are limited to the copyright and products identified in its Amended Complaint.
>
> The Magistrate Judge heard and considered arguments from counsel on these issues. The Court overrules the objection concerning the allegations of copyright infringement concerning the "Goldie" character, as that claim was alleged in the First Amended Complaint (Doc. 18, paragraphs 22 and 24). However, the Court sustains the objection as claim of direct infringement concerning "cars" not identified in the First Amended Complaint. The Court overrules the objections concerning those same

---

potential claim, it can be considered dispositive, and [plaintiff] is entitled to a de novo review of that decision"); *Jackson v. Kansas Cty. Ass'n Multiline Pool*, No. 03-4181 JAR, 2005 WL 3307215, at *1 (D. Kan. Dec. 6, 2005) (magistrate judge's order denying leave to amend the claims already dismissed under a futility standard is a dispositive ruling subject to de novo review); *Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1157 (D. Kan. 2000) (denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility). *But see Navegante Grp.*, 2011 WL 1769088, at *3 (declining to apply the de novo standard of review to the magistrate judge's denial of motion for leave to amend to add claim).

cars regarding indirect infringement, as part of infringement concerning subject characters. Paragraphs affected by these rulings will be noted in footnotes, infra.

These rulings were implemented in the Legal Claims section of the Pretrial Order where the Condiment Car Series were deleted from Plaintiff's direct and contributory copyright infringement claims pertaining to the assembly instructions and die lines.  All the other paperboard car references inserted by Plaintiff were allowed to remain in the Pretrial Order.

Plaintiff objects to the deletion of the Condiment Car Series from its claims for infringement related to the assembly instructions and die lines.[13] After reviewing the parties' briefing and the First Amended Complaint, the Court finds that Plaintiff's assertion of direct infringement claims concerning the Condiment Car Series and "at a minimum" qualifiers in Plaintiff's assembly instructions and die lines were beyond what had been alleged in the First Amended Complaint. Plaintiff alleged in its First Amended Complaint (ECF No. 18) that it created original designs for paperboard cars to be included in kids' meals:

> Among [Plaintiff] KSM's original designs are 9015 Concept Car 1 – SHAKER, 9015 Concept Car 2 – GOLDIE, and 9015 Concept Car 3 – SIZZLE (the 9015 designs). The 9015 designs were used to produce the "Future Car" series of cars for SNS. They are protected by copyright as 2-D artwork under Registration No. VA 1-924-909. A copy of this Registration with deposit materials is attached hereto as Exhibit A.

> Each of the 9015 designs includes illustrations showing how the cars are to be assembled. These illustrations are protected by copyright as 2-D artwork under Registration No. VA 1-942-813. A copy of this Registration with deposit materials is attached hereto as Exhibit B.

> KSM's original car designs, including the 9015 designs, were accompanied by paperboard cartoon characters intended to create affinity for the product. These characters, which predate the relationship between KSM and SNS, were named Shaker, Goldie and Sizzle. The character Shaker is protected by copyright as 2-D artwork under Registration No. VA 1-917-720. A copy of this Registration with

---

[13] The Court rejects Defendants' argument that Plaintiff's objections are untimely because Plaintiff did not object to the original pretrial order. In his December 13, 2016 Order (ECF No. 133), District Judge Lungstrum set a December 30, 2016 deadline for all parties to file any objections to the Nunc Pro Tunc Pretrial Order.  Plaintiff timely filed its objections on December 23, 2016.

deposit materials is attached hereto as Exhibit C. The character Sizzle is protected by copyright as 2-D artwork under Registration No. VA 1-926-570. A copy of this Registration with deposit materials is attached hereto as Exhibit D.[14]

Plaintiff further alleged in the First Amended Complaint that in disregard of its copyrights, Defendant Creative Consumer Concepts, Inc. copied the 9015 designs to produce paperboard cars known as the "Land Spy Cruiser," the "Sea Spy Sub Car" and the "Space Spy Rocket Car" for Defendant Steak N Shake Operations, Inc., which began offering these cars at each of its restaurant locations.[15] The Spy Car Series are the only paperboard cars mentioned in the First Amended Complaint.

Judge Gale determined that Plaintiff's assembly instructions and die lines do not include or feature any of Plaintiff's copyrighted Sizzle, Shaker, and/or Goldie cartoon characters. Therefore, Plaintiff would not be permitted to assert infringement claims for the assembly instructions and die lines pertaining to cars other than those specifically alleged in the First Amended Complaint. Plaintiff's infringement claims related to the assembly instructions and die lines were therefore limited to the Spy Car Series.

Plaintiff argues that the assembly instructions for the Condiment Car Series are identical "in relevant aspects" to the Spy Car Series, and Defendants should not have been surprised when Plaintiff sought to add the Condiment Car Series to the Pretrial Order. However, Plaintiff never moved to amend its First Amended Complaint to add the Condiment Car Series as infringing products. The Condiment Car Series were not mentioned in the First Amended Complaint, and the assembly instructions and die lines do not feature cartoon characters similar to Plaintiff's Sizzle, Shaker, and/or Goldie cartoon characters. Defendants contend they were not put on notice of

---

[14] First Am. Compl. ¶¶ 22–24, ECF No. 18.

[15] *Id.* at ¶ 37.

Plaintiff's Condiment Car Series claims and that they were not given the opportunity to conduct discovery concerning them.  Discovery has closed and it does not appear discovery was conducted relative to the Condiment Car Series.  By waiting until the Pretrial Order to claim that the Condiment Car Series infringe its copyrights, Plaintiff acted too late to burden the Court and Defendants with these new claims for relief.[16] The Court therefore finds the Condiment Car Series are properly excluded from the assembly instructions and die line infringement claims in the Pretrial Order.

Defendants have also objected to the Pretrial Order.  They object to Judge Gale's ruling allowing Plaintiff's references to paperboard cars other than the Spy Car Series to remain in the Pretrial Order. Defendants argue that Plaintiff is required to provide notice about what cars it is alleging infringe upon Plaintiff's copyrights, and Plaintiff's First Amended Complaint only identifies Defendants' Spy Car Series.  Defendants argue that Plaintiff never moved to amend its complaint or otherwise give notice to Defendants that it was also alleging the other paperboard car series infringed upon Plaintiff's copyrights.  They also argue Plaintiff's attempt to add claims that Defendants' other paperboard cars infringe Plaintiff's copyrights by including them for the first time in their proposed Pretrial Order prejudices Defendants' ability to defend in this case.

Judge Gale allowed Plaintiff to include paperboard cars other than the Spy Car Series in its direct and contributory infringement based upon his finding that the allegations of Plaintiff's First Amended Complaint were sufficient to encompass Defendants' paperboard cars with cartoon characters derived from Plaintiff's copyrighted Shaker, Sizzle, and/or Goldie characters. Plaintiff points out that it alleged in the First Amended Complaint that Defendants copied, prepared, sold,

---

[16] *See Capital Sols., LLC v. Konica Minolta Bus. Sols. U.S.A., Inc.*, No. 08-2027-JWL-DJW, 2009 WL 3711574, at *5–*7 (D. Kan. Nov. 3, 2009) (sustaining objections to claims asserted in the pretrial order). *See also Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991) (permitting plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case would waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances).

offered for sale and/or distributed copies of "derivative works based on the 9015 designs and illustrations."[17] The Court agrees that the First Amended Complaint put Defendants on notice that Plaintiff's infringement claims were not limited to the Spy Car Series and extended to other paperboard cars with milkshake, hamburger, and french fry cartoon characters that were similar to Plaintiff's Shaker, Sizzle, and/or Goldie copyrighted cartoon characters. Unlike the assembly instructions and die lines infringement claims, the Court finds Defendants would have been on notice that Plaintiff was claiming infringement of all Defendants' paperboard cars that feature cartoon characters derived from Plaintiff's Sizzle, Shaker, and/or Goldie cartoon characters. The Court finds Judge Gale properly allowed Plaintiff to include in the legal claims section of the Pretrial Order paperboard cars other than the Spy Car Series that feature cartoon characters derived from Plaintiff's copyrighted Sizzle, Shaker, and/or Goldie characters.

**IT IS THEREFORE ORDERED THAT** Plaintiff's objections (ECF No. 136) to the Nunc Pro Tunc Pretrial Order and Defendants' objections (ECF No. 137) to the Nunc Pro Tunc Pretrial Order (ECF No. 134) are OVERRULED.

IT IS SO ORDERED.

Dated this 30th day of March, 2017 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[17] First Am. Compl. ¶¶ 64–65.